UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL KARMOL,

    Plaintiff,

v.                                                Case No.  1:16-CV-1178

OCWEN LOAN SERVICING, LLC,            HON. GORDON J. QUIST

    Defendant.
_____/

**OPINION REGARDING MOTION TO DISMISS**

      Plaintiff, Michael Karmol, proceeding pro se, sued Defendant, Ocwen Loan Servicing, LLC, alleging claims for violation of the Michigan Consumer Protection Act (MCPA), M.C.L. §§ 445.901, *et seq.*; the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1962 (c) and (c); the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.*; unjust enrichment; fraud; and breach of contract.  Karmol's claims against Ocwen arise out of Ocwen's acts or conduct as the servicer of Karmol's mortgage.

      Ocwen has filed a motion to dismiss all of Karmol's claims for failure to state a claim. Karmol has failed to respond within the time allowed under Local Rule 7.2(c).  For the following reasons, the Court will grant Ocwen's motion and dismiss Karmol's claims in their entirety with prejudice.

## I. BACKGROUND

The following facts are based on the allegations in the complaint, matters of public record, and exhibits attached to Ocwen's motion that are referred to in the complaint.[1]

On April 22, 2004, Karmol obtained a mortgage loan from GMAC Mortgage Corporation in the amount of $116,471.00. (ECF No. 1-2.) As security for repayment of the loan, Karmol granted a mortgage (the Mortgage) to Mortgage Electronic Residential Systems (MERS), as nominee for GMAC, on real property located at 4531 Don Street, Holt, Michigan 48842. (*Id.*) The Mortgage was recorded in the Ingham County Register of Deeds on May 13, 2004. On December 24, 2015, MERS assigned the Mortgage to Ocwen pursuant to a Corporate Assignment of Mortgage. (*Id.*) The Corporate Assignment of Mortgage was recorded in the Ingham County Register of Deeds on January 15, 2016.[2] (*Id.*)

Karmol filed his complaint in this case on September 26, 2016. It appears that Karmol used a form complaint that he obtained from some source, possibly the internet. The complaint generally alleges that Ocwen illegally charged late fees, misapplied unspecified payments, mishandled his escrow account, and charged marked-up fees for default-related services. (ECF No. 1 at PageID.2–5.)

---

[1] Although a court is normally precluded from considering matters outside of the pleadings in addressing a motion under Rule 12(b)(6), courts may consider various documents without converting the motion to a motion for summary judgment. "When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008) (citation omitted).

[2] Although not referenced in Karmol's complaint, Ocwen submits exhibits showing that Karmol filed a bankruptcy petition on November 8, 2011, and was granted a discharge on February 9, 2012. (ECF No. 6-4.) On April 15, 2016, Karmol filed a motion for sanctions in the bankruptcy court, arguing that Ocwen violated the discharge injunction by attempting to foreclose on the Mortgage. The bankruptcy denied the motion on May 2, 2016 because the mortgage lien survived the discharge. (ECF No. 6-5 at PageID.146.)

## II.  MOTION STANDARD

Karmol has not responded to the instant motion within the time allowed under Western District of Michigan Local Rule 7.2(c).  Accordingly, the Court may treat Karmol's failure as an abandonment or waiver of all of his claims.  *See Fredericks v. Allquest Home Mortg. Corp.*, No. 15-10429, 2015 WL 1966856, at *2 (E.D. Mich. Apr. 30, 2015) ("The Court first notes that Plaintiff failed to file a timely response to Defendants' motion.  This alone may be sufficient grounds to grant it."); *Burke v. Morgan*, No. 06-CV-348-JMH, 2009 WL 514314, at *2 (E.D. Ky. Mar. 2, 2009) (noting that when a plaintiff fails to respond to a motion to dismiss, a court may treat such failure as a knowing abandonment of the claim).  However, the Court has also reviewed Ocwen's motion on its merits under the applicable Rule 12(b)(6) motion to dismiss standard, *see Abbas v. Bank of Am. N.A.*, No. 1:12-CV-607, 2013 WL 1340309, at *2 (W.D. Mich. Mar. 29, 2013), and concludes that all of Karmol's claims fail as a matter of law.

## III.  DISCUSSION

### A.     MCPA Claim

In Count I, Karmol alleges that Ocwen violated § 3(1) of the MCPA.  This claim fails because § 4(1)(a) of the MCPA exempts from its coverage "[a] transaction or conduct specifically authorized under laws administered by a regulatory board or officer acting under statutory authority of this state or the United States."  Michigan courts have specifically held that residential mortgage loan transactions fall under this exemption.  *Newton v. West*, 262 Mich. App. 434, 438–39, 686 N.W.2d 491, 193–94 (2004).  Therefore, the MCPA claim will be dismissed.

### B.     RICO Claims

In Counts II and III, Karmol alleges that Ocwen violated RICO, 18 U.S.C. §§ 1962(c) and (d).  Subsection (c) makes it

> unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

18 U.S.C. § 1962(c).  Subsection (d) makes it unlawful "for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section." 18 U.S.C. § 1962(d).  To state a RICO claim, a plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496, 105 S. Ct. 3275, 3285 (1985).  In addition, a plaintiff must allege that "the RICO enterprise engaged in a 'pattern of racketeering activity' consisting of at least two predicate acts of racketeering activity occurring within a ten-year period." *Moon v. Harrison Piping Supply*, 465 F.3d 719, 723 (6th Cir. 2006).

For his predicate acts, Karmol alleges that Ocwen committed mail and wire fraud, in violation of 18 U.S.C. §§ 1341 and 1343.  Predicate acts based on mail or wire fraud must satisfy Rule 9(b)'s heightened pleading standard.  *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 404 (6th Cir. 2012).  "This rule requires a plaintiff: (1) to specify the allegedly fraudulent statements; (2) to identify the speaker; (3) to plead when and where the statements were made; and (4) to explain what made the statements fraudulent." *Republic Bank & Trust Co. v. Bear Stearns & Co.*, 683 F.3d 239, 247 (6th Cir. 2012).  Karmol's allegations, which are nothing more than conclusory statements of fraud, fall far short of meeting the Rule 9(b) standard.  Therefore, Counts II and III are subject to dismissal.

**C.    FDCPA Claim**

In Count IV, Karmol alleges that Ocwen violated 15 U.S.C. § 1692e, which prohibits debt collectors from "us[ing] any false, deceptive, or misleading misrepresentation or means in connection with the collection of any debt." Karmol alleges that Ocwen "knowingly, affirmatively, and actively concealed and suppressed material facts, namely that [Ocwen] assessed borrowers'

4

accounts for marked-up default-related services. Contrary to Ocwen's communications, they are not legally authorized to assess and collect these marked-up fees." (ECF No. 1 at PageID.50.) Such conclusory allegations, without any supporting facts as to how Ocwen violated § 1692e—what misrepresentations were made and when they were made—are insufficient to show "more than a sheer possibility that [Ocwen] has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). Thus, the FDCPA claim will be dismissed.

**D.     Unjust Enrichment**

In Count V, Karmol alleges that Ocwen was unjustly enriched by charging marked-up prices for default-related services. Karmol admits that the mortgage permitted Ocwen to charge for such services, but he claims that Ocwen was unjustly enriched by overcharging Karmol. (*Id.* at PageID.51–52.) Karmol's unjust enrichment claim fails because "courts will not *imply* a contract where there is an *express* contract governing the same subject matter." *Bowlers' Alley, Inc. v. Cincinnati Ins. Co.*, 32 F. Supp. 2d 824, 833 (E.D. Mich. 2014) (citing *Fodale v. Waste Mgmt. of Mich., Inc.*, 271 Mich. App. 11, 36, 718 N.W.2d 827, 841 (2006)). Because the mortgage governs parties' rights and obligations with regard to the alleged default-related services, Karmol's unjust enrichment claim fails.

**E.     Fraud**

Karmol alleges a claim of fraud in Count VI, based on the same allegations that Ocwen failed to disclose that it had marked up the fees it charged Karmol for default-related services. Karmol's fraud allegations suffer from the same defect as his RICO allegations—failure to comply with Rule 9(b)'s particularity requirement. According, the fraud claim will be dismissed.

**F.     Breach of Contract**

To establish a claim for breach of contract, Karmol must allege: (1) the existence of a contract; and (2) a breach of that contract by the defendant. *See Stoken v. J.E.T. Elecs. & Tech.,*

*Inc.*, 174 Mich. App. 457, 463, 436 N.W.2d 389, 392 (1998) (per curiam). Karmol alleges that the mortgage was his contract with Ocwen, and that Ocwen breached the mortgage agreement "by misapplying payments submitted by Plaintiff, placing such payments in suspense accounts without authorization by the mortgage agreements [sic], and assessing late fees not authorized under the mortgage agreement." (*Id.* at PageID.56.) Karmol's conclusory allegations, unsupported by any specific facts, such as particular payments that Ocwen misapplied, fail to properly allege a breach of contract by Ocwen. *See Alshaibani v. Litton Loan Servicing, LP*, 528 F. App'x 462, 465 (6th Cir. 2013) ("As a practical matter, Plaintiffs' factually unadorned allegation that Litton misapplied their payments does no more to render their claim plausible than would a simple legal conclusion that Litton breached the mortgage."); *Rudley v. Bank of Am. Home Loans Servicing LP*, No. 1:11-CV-1374, 2013 WL 2407614, at *4 (W.D. Mich. May 31, 2013) (noting that the plaintiff failed to allege facts showing how or where her payments were misapplied or what provision of the contract the defendant breached by applying the plaintiff's payments in the alleged manner). Thus, the breach of contract claim must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Ocwen's motion to dismiss and dismiss Karmol's complaint.

An Order consistent with this Opinion will be entered.


Dated: December 11, 2016 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE